IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LEE WILLIAMS, #76927                                                                              PLAINTIFF

VERSUS                                                    CIVIL ACTION NO.  2:12-cv-78-KS-MTP

RONALD KING, SOUTH MISSISSIPPI
CORRECTIONAL INSTITUTION, DEBRA PLATT,
WARDEN DAVIS, and SGT. SINGLETON                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause comes before this Court, *sua sponte*.  Plaintiff Williams, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this *pro se* complaint [1] pursuant to 42 U.S.C. § 1983 on May 11, 2012.  The named defendants are Ronald King, South Mississippi Correctional Institution, Debra Platt, Warden Davis, and Sergeant Singleton.  After liberal review of Plaintiff's complaint [1] and responses [9 & 11], the Court has reached the following conclusions.

In his complaint [1], Plaintiff states that he was issued Rule Violation Report #1180568 which reflected the wrong date, 5/23/11, instead of the correct date, 6/23/11.  Rule Violation Report #1180568 charged Plaintiff with violating the rule prohibiting the use of drugs or intoxicants, specifically testing positive for THC.  Compl. [1-1] at p. 3.  According to the Second Step Response attached to the complaint [1], a disciplinary hearing was conducted on June 29, 2011, and Plaintiff was found guilty of Rule Violation Report #1180568.  Furthermore, Plaintiff's appeal of his disciplinary hearing was denied.  *Id.* at p. 1.

Because Plaintiff failed to state the punishment he received for being found guilty of Rule Violation Report #1180568, this Court entered an order [7] directing him to provide this

information.  In his response [11], Plaintiff states that he did not receive any punishment for Rule Violation Report #1180568.

**I. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his complaint [1] is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). According to the allegations asserted by Plaintiff, this Court finds that he is asserting that his constitutional rights under the Due Process Clause have been violated as a result of receiving Rule Violation Report #1180568 which charged him for testing positive for the use of THC.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* by order [8] entered on June 12, 2012.

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, 2009 WL 2497154, at *5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause). Plaintiff was given an opportunity to state the punishment he received concerning Rule Violation Report # 1180568 for the use of THC, but he failed to do so. *See* Order [7]. In fact, Plaintiff states that did not receive any punishment for receiving Rule Violation Report #1180568. Resp. [11]. Plaintiff, therefore, did not establish that he suffer an atypical and significant hardship in relation to the ordinary incidents of prison life relating to the Rule Violation Report #1180568, which is being challenged in the instant civil action, and thus, he has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983. *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

**II. Conclusion**

As stated above, Plaintiff's allegations do not implicate due process concerns. Therefore, the instant civil action will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), *see Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(determining

that the dismissal by the District Court of a § 1983 suit regarding a disciplinary violation as frivolous was proper and also dismissing the appeal as frivolous), and will count as a strike pursuant to 28 U.S.C. § 1915(g).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 22nd day of October, 2012.


                                      *s/ Keith Starrett*
                              UNITED STATES DISTRICT JUDGE